UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **HENNING MANAGEMENT L L C** | **CASE NO. 2:20-CV-00004** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **CHEVRON U S A INC ET AL** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the Court is a "Motion to Assess Interim Expenses and Costs" (Doc. 92) wherein Plaintiff Henning Management, LLC, ("Henning") moves for an assess of interim expenses and costs against Defendant, Chevron, U.S.A., Inc. Also, before the Court is an opposed "Motion for Leave to File Sur-Reply to Plaintiff's Reply in Support of Motion for Interim Costs" (doc. 98).

## INTRODUCTION

Plaintiff filed this lawsuit claiming that Chevron's and other defendants' operations caused environmental damages on its property; Plaintiff alleges that Act 312 applies to its claims of environment damages. The Louisiana Legislature enacted Act 312 "to ensure that damage to the environment is remediated to a standard that protects the public interest." Louisiana Revised Statute 30.29(A).

When a plaintiff alleges environmental damage in a lawsuit, a defendant may make a limited admission under Act 312 for the environmental damages, and thus takes "responsibility for implementing the most feasible plan to evaluate, and if necessary, remediate all or a portion of the contamination" to applicable regulatory standards.

Louisiana Code of Civil Procedure article 1563(A). When a defendant makes a limited admission, the Louisiana Department of Natural Resources ("LDNR") shall hold a public hearing to approve or structure what LDNR determines to be the "most feasible plan" to evaluate or remediate the environmental damage under applicable regulatory standards. Louisiana Revised Statute § 30:29(C)(2).

On May 27, 2022, Chevron filed a limited admission pursuant to Louisiana Revised Statute § 30:29[1] and also a "Motion for Referral to the Louisiana Department of Natural Resources for the Development of the Most Feasible Plan" (Doc. 78). On June 17, 2022, Chevron filed a renewed and revised motion to refer this matter to the LDNR.[2]

Because Chevron has made a limited admission as a responsible party for environmental damage on the subject property, pursuant to the provisions of Louisiana Revised Statute 30:29 and Act 312, Plaintiff is also moving to recover $464,891.57 in interim expenses and costs "attributable to producing that portion of the evidence that directly relates to the establishment of environmental damage, including but not limited to, expert witnesses fees, environmental evaluation, investigation and testing, [and] the cost of developing a plan of remediation." Louisiana Revised Statute 30:29E(1). Plaintiffs intend to file a motion to assess attorney fees.

## **LAW AND ANALYSIS**

Louisiana Revised Statute 30:29(E)(1)[3] provides as follows:

---

[1] Doc. 77.
[2] Doc. 89.
[3] Act 312 was enacted pursuant to the constitutional mandate of Article IX, Section I of the Louisiana Constitution and provides that "the natural resources of the state, including groundwater, are to be protected, conserved, and replenished insofar as possible and consistent with the health, safety, and welfare of the people, and to ensure that

> In any civil action in which a party is responsible for damage or payments for the evaluation or remediation of environmental damage, the party providing evidence, in whole or in part, upon which the judgment is based shall be entitled to recover from the party or parties admitting responsibility or the party or parties found legally responsible by the court, in addition to any other amounts to which the party may be entitled, all costs attributable to producing that portion of the evidence that directly relates to the establishment of environmental damage, including, but not limited to, expert witness fees, environmental evaluation, investigation, and testing, the cost of developing a plan of remediation, and reasonable attorney fees incurred in the trial court and the department.

Plaintiffs maintain that because Chevron has made a limited admission as a responsible party for environmental damage on the subject property, Plaintiffs are entitled to recover interim expenses and costs that are "attributable to producing that portion of the evidence that directly relates to the establishment of environmental damage, including but not limited to, expert witnesses fees, environmental evaluation, investigation and testing, [and] the cost of developing a plan of remediation." Louisiana revised Statute 30:29(E)(1).

Plaintiffs also rely on Louisiana Code of Civil Procedure article 1563 which provides, in pertinent part, that "[w]ithin thirty days of the department's filing of the plan, the party admitting responsibility for implementing the most feasible plan shall reimburse the plaintiff for those costs which the court determines to be recoverable under R.S. 30:29(E)(1)."

In addition to opposing the amount the Plaintiffs are seeking, Chevron maintains that it is premature for the Court to award the interim expenses and costs. Louisiana Code of Civil Procedure article 1563(A)(6). Chevron argues that the plain language of Louisiana

---

damage to the environment is remediated to a standard that protects the public interest." Louisiana Revised Statute § 30:29A.

Revised Statute 30:29(E)(1) directly ties the right to recover costs to a ***judgment*** and the act of producing evidence upon which that judgment is based. Chevron remarks that there is no "Judgment," and Plaintiffs have not provided this Court with any "evidence" upon which Chevron's limited admission is based.

Further Chevron maintains that 1563, which provides the procedure for making a limited admission under Act 312, does not apply in federal court, but it is part of the same 2014 legislative enactments and should be read *in pari materia*, or in reference to Louisiana Revised Statute 30:29(E)(1). *See Pierce Foundations, Inc. v. Jaroy Constr., Inc.,* 190So.3d 298, 303; *Dunn v. City of Kenner*, 187 So.3d 404, 410 (La. 1/27/2016). The Court agrees.

Chevron argues that the language of article 1563 requires that the time for the recovery of fees and costs is when the LDNR determines the most feasible plan, not the making of a limited admission. *See Id.* Moreover, the statute does not contain language that the fees and costs are recoverable when a limited admission is made.

Plaintiffs argue that article 1563 is not applicable and is merely a state procedural enactment, whereas Chevron argues that article 1563, to which there is no federal counterpart, should be considered by the Court as evidence of legislative intent with respect to when and how Act 312's cost-shifting language should be applied. The Court agrees with Chevron, that although article 1563 is not applicable in federal court, because it was enacted as part of the same 2014 legislative enactment, it should be considered *in pari materia*.

The most feasible plan has not been determined by the LDNR and even though there is a limited admission of liability by Chevron, there is no "Judgment."

The Court does not believe that the Legislature intended for the recovery of expenses and costs to be determined in a piecemeal fashion, and/or prior to either a judgment, after being considered on the merits, or when a limited admissions is made, after the LDNR holds the appropriate hearing(s) and determines the most feasible plan. Accordingly,

**IT IS ORDERED** that the Motion to Assess Interim Expenses and Costs (Doc. 92) is **DENIED** as premature.

**IT IS FURTHER ORDERED** that Chevron's Motion for Leave to File Sur-Reply to Plaintiff's Reply in Support of Motion for Interim Costs (doc. 98) is **GRANTED.**

**THUS DONE AND SIGNED** in Chambers this 17th day of August, 2022.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**