UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**HENNING MANAGEMENT LLC**           **CASE NO. 2:20-CV-00004**

**VERSUS**                                         **JUDGE JAMES D. CAIN, JR.**

**CHEVRON USA INC ET AL**              **MAGISTRATE JUDGE KAY**

**MEMORANDUM ORDER**

Before the Court is Chevron U.S.A. Inc.'s Motion for Leave to Withdraw its Limited Admission and Alternative Request for Reconsideration (Doc. 135), wherein Defendant, Chevron U.S.A., Inc. ("Chevron"), moves the court to withdraw its Limited Admission (Doc. 77) and, alternatively, to reconsider its Memorandum Ruling (Doc. 133), wherein the Court deferred ruling on Henning Management, LLC ("Henning") Motion for Partial Summary Judgment (Doc. 107). Henning opposes the motion (Doc. 137), and Chevron has replied (Doc. 141).

**I. LAW & ANALYSIS**

In the November 2, 2022 Memorandum Ruling, the Court *deferred* ruling on the relief that Henning requested. Doc. 133 (emphasis added). The Court, as urged by Chevron in its briefing and at oral argument on October 20, 2022, is permitting LDNR to determine the Most Feasible Plan. La. R.S. § 30:29(I)(4) (2022). Now, Chevron asks the Court to withdraw its May 27, 2022 judicial admission and, consequently, cancel the December 12 LDNR public hearing. Doc. 135.

A. **Withdrawal of a Judicial Admission**

1. ***Legal Standard***

"A judicial admission is a formal concession in the pleadings or stipulations by a party or counsel that is binding on the party making them." *Martinez v. Bally's Louisiana, Inc.*, 244 F.3d 474, 476 (5th Cir. 2001). Though not itself evidence, a judicial admission "has the effect of withdrawing a fact from contention." *Id.* "A judicial admission is conclusive, unless the court allows it to be withdrawn . . . ." *Id.* at 477.

The Fifth Circuit "has stressed that a deemed admission can only be withdrawn or amended by motion in accordance with Rule 36(b)." *In re Carney*, 258 F.3d 415, 419 (5th Cir. 2001); FED. R. CIV. P. 36(b). Under Rule 36(b), a district court may permit the withdrawal of an admission if the following two-part test is met: (1) if the withdrawal would promote the presentation of the merits of the action; and (2) if withdrawal would not prejudice the nonmoving party in maintaining or defending the action on the merits. *Thanedar v. Time Warner, Inc.*, 352 F. App'x 891, 896 (5th Cir. 2009) (quoting FED. R. CIV. P. 36(b)). Despite satisfying Rule 36(b)'s two-part test, "the district court retains discretion to deny a request to withdraw an admission." *E.g.*, *Williams v. Wells Fargo Bank, N.A.*, 2014 WL 1044304, at *9 (5th Cir. 2014).

Under the first prong, withdrawal of an admission is appropriate if allowing the withdrawal will aid in the resolution of the case. *Mendez v. Joeris General Contractors, Ltd.*, Civil Action No. SA–12–CA–0608, 2013 WL 3153982, *3 (W.D. Tex. Jun. 18, 2013); *accord Gallegos v. City of Los Angeles*, 308 F.3d 987, 993 (9th Cir. 2002). A court should "consider whether denying withdrawal would have the practical effect of eliminating any

presentation of the merits of the case in determining whether Rule 36(b)'s first requirement is met." *Le v. Cheesecake Factory Rests. Inc.*, No. 06-20006, 2007 WL 715260, at *2 (5th Cir. Mar. 6, 2007) (citing *Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir. 1995)). Under the second prong, a party is not prejudiced merely because withdrawal of the admissions requires the party to prove or defend the case on the merits. *Id.* at *3; *Mendez*, 2013 WL 3153982, at *5. However, a party may be prejudiced if withdrawal was occasioned with "a sudden need to obtain evidence." *Le*, 2007 WL 715260, at *3 (quoting *American Auto. Ass'n, Inc. v. AAA Legal Clinic of Jefferson Crooke, P.C.*, 930 F.2d 1117, 1120 (5th Cir. 1991)). A court may also consider "the timing of the motion for withdrawal as it relates to the diligence of the party seeking withdrawal" and "the fault of the party seeking withdrawal." *Id.* (collecting cases).

### 2. *Application*

Here, Chevron argues that the Court should allow it to withdraw its Limited Admission (Doc. 77) because it did not enter a "Limited Admission" pursuant to Act 312 with the knowledge that LDNR would be required to issue a remediation plan. Doc. 135-1. Henning opposes the motion, stating that Chevron "knowingly and voluntarily made a limited admission," whereby it made a judicial admission of liability for "environmental damage" caused by "contamination" as defined in Act 312. Doc. 137.

Chevron's argument about its lack of knowledge regarding the possibility of being subject to a remediation plan points out the ubiquity of the word "evaluation" within Act 312. Doc. 135-1. Chevron made its Limited Admission (Doc. 77) on May 27, 2022, yet its proposed Most Feasible Plan is dated August 5, 2022, which indicates that its determination

of an evaluation-only plan came after its Limited Admission (Doc. 77). Accordingly, the Court is not persuaded by the argument that the possibility that LDNR would issue a remediation plan was too remote for Chevron to consider when it made its Limited Admission (Doc. 77). Therefore, the Court finds that the first prong weighs against granting Chevron leave to withdraw its Limited Admission (Doc. 77).

Chevron's position at oral argument was that LDNR's incorporation was crucial to harness the state agency's technical and scientific expertise in the decision-making. Doc. 134. The Court's deferment gives Chevron as well as Henning the opportunity to challenge any Feasible Plan put forth by LDNR, and as noted in the Court's November 2 Memorandum Ruling (Doc. 133), a rebuttable presumption attaches to the Most Feasible Plan approved by LDNR. La. R.S. § 30:29(C)(2)(c) (2022). Thus, under the second prong, the Court finds no prejudice to Chevron.

Alternatively, Chevron asks the court to reconsider and reverse its November 2, 2022 Ruling (Doc. 133) deferring any ruling under Rule 54(b). The Court deferred ruling thereby not giving rise to a Rule 54(b) judgment subject to reconsideration.

## II. CONCLUSION

For the aforesaid reasons, Chevron U.S.A. Inc.'s Motion for Leave to Withdraw Its Limited Admission and Alternative Request for Reconsideration (Doc. 135) is **DENIED**.

**THUS DONE AND SIGNED** in Chambers on the 28th day of November, 2022.

JAMES D. CAIN, JR.
**UNITED STATES DISTRICT JUDGE**