UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**HENNING MANGEMENT LLC**     **CASE NO.  2:20-CV-00004**

**VERSUS**     **JUDGE JAMES D. CAIN, JR.**

**CHEVRON U.S.A. INC ET AL**     **MAGISTRATE JUDGE KAY**

### MEMORANDUM ORDER

Before the Court is Chevron U.S.A. Inc.'s Motion for Reconsideration of Motion to Stay Public Hearing Before Louisiana Department of Natural Resources ("LDNR") (Doc. 163), wherein Chevron requests the Court to reconsider its December 12, 2022 Order (Doc. 162) denying Chevron's Motion to Stay the hearing before LDNR and the Louisiana Division of Administrative Law ("DAL").  Henning opposes the motion. Doc. 165. The motion is ripe.

### I.   BACKGROUND

On December 8, 2022, the Court granted the Consent Motion to Continue the December 12, 2022 Louisiana Department of Natural Resources Public Hearing (Doc. 156), whereby the Court ordered the hearing to be reset for February 6, 2023. Doc. 158.

### II.   LEGAL STANDARD

Federal Rule of Civil Procedure 54(b) allows the court to reconsider an interlocutory order "for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (collecting cases). An interlocutory order is one that

"adjudicates fewer than all the claims . . . of all the parties," such as the orders on the motion to stay here. Fed. R. Civ. P. 54(b); *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990); *Thompson v. Betts*, 754 F.2d 1243, 1245 (5th Cir. 1985).

Although the rule grants the court broad discretion to reconsider, "this power is exercised sparingly in order to forestall the perpetual reexamination of orders and the resulting burdens and delays." *United States v. Cytogel Pharma, LLC*, 2017 WL 3849317 (E.D. La. Mar. 28, 2017) (internal quotations omitted). Courts evaluate motions to reconsider under Rule 54(b) under a "less exacting" standards than those applied to final judgments under Rules 59(e) and 60(b) but still look to the latter rules for guidance. *In re Padco Pressure Control, LLC*, 2017 WL 161647, at *1 (W.D. La. Jan. 13, 2017) (collecting cases). To this end, the court should consider whether there are "manifest errors of law or fact upon which judgment is based[,]" whether "new evidence" is available, whether there is a need "to prevent manifest injustice," or whether there has been "an intervening change in controlling law." *Id.* (quoting *HBM Interests, LLC v. Chesapeake La., LP*, 2013 WL 3893989 (W.D. La. Jul. 26, 2013)).

### III. LAW & ANALYSIS

The discretion to stay the case instead lies with the district court, which looks to the following four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of a stay will substantially injure other parties interested in the proceedings; and (4) whether public interest favors a stay." *Weingarten Realty Invs. v. Miller*, 661 F.3d 904, 910 (5th Cir. 2011) (cleaned up) (collecting cases). The movant

bears the burden on all four factors, and the first two are the most critical. *Nken v. Holder*, 556 U.S. 418, 434; *Ruiz v. Estelle*, 666 F.2d 854, 856 (5th Cir. 1982).

Under the first factor, the stay applicant must make a "strong showing that he is likely to succeed on the merits." *Weingarten*, 661 F.3d at 910. Chevron argues that this Court, in its November 2, 2022 Ruling (Doc. 133), which deferred ruling on Henning's Motion for Partial Summary Judgment (Doc. 107), effectively granted Henning's relief. Doc. 146-1, p. 1. Chevron then asked this Court to reconsider and reverse that ruling; however, the Court stated in its November 28, 2022 Order (Doc. 143) that deferring a ruling does not give rise to a Rule 54(b) judgment to reconsider. Now, Chevron is appealing the Court's November 2, 2022 Ruling (Doc. 133), in which the Court rendered no final judgment. Typically, only final judgments are reviewable on appeal. *E.g.*, *Cunningham v. Hamilton Cty., Ohio*, 527 U.S. 198, 203 (1999) (". . . we have repeatedly interpreted § 1291 to mean that an appeal ordinarily will not lie until after final judgment has been entered in a case."). A final judgment is one that disposes of the whole case on its merits, by rendering final decision not only as to all the parties but as to all the causes of action in front of the court, thus leaving "nothing for the court to do but execute the judgment." *Id.* at 204 (quoting *Van Cauwenberghe v. Biard,* 486 U.S. 517, 521–522 (1988)) (internal quotation omitted). A narrow exception, however, exits under the Collateral Order Rule, whereby the Supreme Court

> interprets the term final decision in United States Code § 1291 to permit jurisdiction over appeals from a small category of orders that do not terminate the litigation, which includes only decisions that are conclusive, that resolve important questions separate from the merits, and that are

> effectively unreviewable on appeal from the final judgment in the underlying action.

*Id.* (cleaned up) (collecting cases). Neither the Court's November 2, 2022 Ruling (Doc. 133) nor its November 28, 2022 Order resulted in a final judgment. *See* U.S.C. § 1291; *c.f. Cunningham*, 527 U.S. at 204 (holding imposing sanctions on an attorney pursuant to Federal Rule of Civil Procedure 37(a)(4) is not a final decision); *Van Cauwenberghe*, 486 U.S. at 530 (holding neither an order denying a motion to dismiss on grounds that an extradited person is immune from civil process, nor an order denying a motion to dismiss on the ground of *forum non conveniens,* is a final decision); *Perez v. Miami-Dade County*, 297 F.3d 1255, 1262 (11th Cir. 2002) (indicating it previously dismissed defendant's appeal for lack of appellate jurisdiction under § 1291 when the district court had neither disposed of plaintiff's remaining claims or entered a partial final judgment on plaintiff's § 1983 claims pursuant to Rule 54(b)). Because the Court rendered no final judgment in the orders for which Chevron's appeal is sought, it is premature to answer whether Chevron is likely to succeed on the merits. Accordingly, the first factor weighs against a stay.

Under the second factor, Chevron contends that a stay of the February 6, 2023 LDNR Hearing is necessary to prevent irreparable injury by going through with the hearing prior to any or all of the November 2, 2022 Ruling being reversed. Docs. 146-1, p. 2, 163-1, p. 6. On the other hand, Henning points out that Chevron cannot and does not cite to any provision in the law that would forbid a second LDNR hearing. Docs. 153, p. 5, 165, p. 6. At the February 6, 2023 LDNR hearing, Chevron and Henning will put forth their respective Feasible Plans whereby LDRN will hear both parties' arguments, review their

plans, and then present to this Court its approved Most Feasible Plan pursuant to Act 312. La. R.S. § 30:29(C)(1)–(5). The Court has made no judgment that will impact LDNR's part in Act 312's procedural process. Considering that Chevron's alleged irreparable injury is premised on a reversal of a non-final judgment, a stay of the February 6, 2023 LDNR hearing is unwarranted. Thus, Chevron has failed to carry its burden as to the second factor.

Under the third factor, Chevron argues that Henning will face no prejudice by staying the February 6, 2023 LDNR hearing. Doc. 146-1, p. 8. By contrast, Henning argues that Chevron's decision to make a judicial admission of liability under Act 312 (Doc. 77) has cost it hundreds of thousands of dollars in preparation for the February 6, 2023 LDNR hearing, and that delay will only further increase related costs. Docs. 153, p. 6, 165, pp. 6–7. The Court finds the third factor weighs against a stay because additional delay henceforth harms Henning. *Cf. Archer & White Sales, Inc. v. Henry Schein, Inc.*, No. 2:12-CV-572-JRG, 2017 WL 661768, at *3 (E.D. Tex. Feb. 17, 2017) ("Defendants argue that the only harm Plaintiff will suffer by a stay is an additional delay in adjudication of this dispute. Even if that were the only harm to Plaintiff, it is a degree of harm for the Court to consider."). Therefore, Chevron has failed to carry its burden as to the third factor.

Under the fourth factor, Chevron argues that a stay will benefit the public because it will promote the public interest in judicial economy by avoiding potentially unnecessary proceedings. Doc. 146-1, p. 9. Henning responds arguing that the entire purpose of the LDRN proceeding after a limited admission of liability is to fulfill the public interest "in making sure contaminated property is cleaned up . . . on the front end as soon as possible," and any delay by Chevron would obstruct the protection of the health, safety, and welfare

of the people of Louisiana. Docs. 153, p. 7, 165, pp. 7–8. (quoting Rep. Abramson from the debate on amendments to Act 312 on April 25, 2012). Where, as is the case here, the moving party fails to show an adequate likelihood of success on the merits, the Fifth Circuit has held that the public interest in speedy resolution of disputes outweighs the interest in judicial economy. *See Weingarten*, 661 F.3d at 913. Consequently, the fourth factor weighs against a stay.

In sum, all factors counsel against granting Chevron's requested stay.

### IV. <u>CONCLUSION</u>

For the aforesaid reasons, Chevron U.S.A. Inc.'s Motion for Reconsideration of Motion to Stay Public Hearing Before Louisiana Department of Natural Resources (Doc. 163) is **DENIED**.

**THUS DONE AND SIGNED** in Chambers on this 29th day of December 2022.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**